(60 South. 255.)

No. 19,676.

STATE v. FORE.

(Dec. 16, 1912.)

*(Syllabus by the Court.)*

1. STATUTES (§ 40*)—NEGLIGENCE—FORMAL REQUISITES.

The fact that an act reads, "Be it enacted by the General Assembly (section first)," instead of the usual way "Section First—Be it enacted by the General Assembly," is not sufficient to render the act unconstitutional, as the meaning is the same, though the words are not precisely in the same place.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 43, 44; Dec. Dig. § 40.*]

2. STATUTES (§ 109*)—SUBJECTS AND TITLES—AMENDING ACTS.

It is not necessary for the title of an act to further set forth its objects, where the title recites that it amends another act whose title it quotes, and the amending act sets out the object as required by the Constitution. As quoting the title of the first act sets forth the object of the amending act, there is a compliance with the constitutional requirements.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 136–139, 196; Dec. Dig. § 109.*]

3. CRIMINAL LAW (§ 15*)—STATUTES—CONSTRUCTION—RETROSPECTIVE OPERATION.

As Act No. 192 of 1912, which repealed Act No. 84 of 1908, provided that all violations falling under the provisions of Act No. 84 of 1908 and committed prior to the passage of Act No. 192 of 1912 might be prosecuted under the former act, the accused is subject to prosecution under Act No. 84 of 1908, as he committed his offense prior to the passage of the later act.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 25; Dec. Dig. § 15.*]

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

An information was filed against Robert M. Fore. From a judgment annulling the information, the State appeals. Reversed, and proceedings under the information reinstated.

R. G. Pleasant, Atty. Gen., and C. J. Ellis, Dist. Atty., of Rayville (G. A. Gondrau, of Donaldsonville, of counsel), for the State. T. H. McGregor, of Rayville, for appellee.

BREAUX, C. J. An information was filed against the defendant, Robert M. Fore, on the 27th day of July, 1912, charging him with having violated Act No. 84 of 1908, denouncing carnal knowledge. The young woman in the case was less than 18 and over 12 years of age.

In defendant's motion to quash the information, he alleged that the offense charged as stated is of a date prior to the enactment of Act No. 84 of 1908; that the law previous to that date, to wit, Act No. 115 of 1896, was unconstitutional, as it has no enacting clause; that Act No. 84 of 1908 is also unconstitutional, having no caption or title denoting the object of the statute; that it also has no enacting clause. Furthermore, that it is violative of article 32 of the Constitution of 1898, as it seeks to amend and revise an unconstitutional act by reference to its title.

On the grounds just above stated, the information was quashed.

The state prosecutes this appeal from the judgment annulling and setting aside the information.

With reference to the first objection urged in the motion to quash, to wit, that Act No. 115 of 1896 passed the Legislature without an enacting clause, that assumption is without the least foundation in fact, for the act as published shows the following:

"Be it enacted by the General Assembly of the state of Louisiana," and then follows section first of the act. The enacting clause is copied from the Constitution of 1879 word for word, which was the existing Constitution at the time that the statute was adopted. There is another objection urged in the same paragraph as above. It relates to the enacting clause. We will consider it later.

The next point presented by appellee in the district court and on appeal was that Act No. 84 of 1908 was unconstitutional because it has no caption or title to show the object of the statute. Furthermore, it was alleged in

the motion to quash that the statute was unconstitutional because it embraced more than one object; again, that it violated article 22 of the Constitution, as it had no enacting clause; further, that it was violative of article 32 of the Constitution, as it sought to amend and revise an unconstitutional law by reference to its title.

The title of Act No. 84 of 1908 reads as follows, to wit:

"An act to amend and re-enact Act 115 of 1896, entitled an act making it a felony for any person over the age of eighteen years to have carnal knowledge of an unmarried female between the ages of twelve and sixteen years with her consent, and fixing the penalty therefor."

[1] We will take up for decision the grounds urged by defendant to Act No. 115 of 1896. Defendant's contention is that the act should read, "Section First—Be it enacted by the General Assembly of the state of Louisiana," but that, instead of reading as just stated, it reads as follows, "Be it enacted by the General Assembly (section first)." The words "section first" are between the two, the words quoted above and the section of the act. The meaning is the same, and the words also, except that the words are not precisely in the same place. The legislative intent is clearly expressed, and nothing is wanting to make a complete meaning. The act is not made unconstitutional by this slight change of placing the words "section first" as they are.

[2] The next objection of defendant is directed against Act No. 84 of 1908. His contention is that it is unconstitutional because it violates article 31 of the Constitution, to wit, the object is not expressed in the title; that the real object of the act is to make carnal knowledge of any unmarried female, between 12 and 18 years of age, by one over 17 years, a felony and to fix a penalty therefor. The contention of defendant is that the only object stated in the title is, to wit, to amend and re-enact Act No. 115 of 1896. The copy of Act No. 84 of 1908 is a copy of the prior title as indicative of the object of the act of 1908.

This of itself is not an objection. The very same point was considered and decided in State v. Land (No. 19,635) 59 South. 1007, ante, p. 611. This court decided that the object is expressed in the title. The title in the cited case was attacked on similar grounds to those here. A number of decisions are cited. The statute sufficiently conforms with section 32 of the Constitution of 1898 relating to re-enacting and publishing an amended act. The amending act is a copy of the amended act, save that there is a change in the ages of persons.

[3] Another objection of defendant is that Act No. 192 of 1912 was enacted after the date of the alleged crime; that, as it repeals the first law (that is, the law under which the information was found against him), the prosecution against him must fall. It is true, as stated by defendant, that the statute of 1912, No. 192, is subsequent in date to the date of the alleged crime; but there is a saving clause. It is full and complete and amply authorizes the state to prosecute for prior offenses under the old law as if no new or repealing law had been enacted. The saving clause retains in force the repealed law as to all offenses committed prior to the repealing statute.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed; that the proceedings including the information be reinstated and remanded to the district court to be proceeded with in accordance with law.